IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GIANNETTI, as personal representative of the Estate of Mary Giannetti, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-04-926-BA ) |
| THE CITY OF STILLWATER, *et al.*, | ) ) |
| Defendants. | ) |

## **ORDER**

The Defendants have requested leave to file a reply brief in support of their motion for leave to exclude Vince O'Neill's testimony. This request is denied.

The Plaintiff filed a four-page response to the Defendants' motion to exclude Mr. O'Neill's testimony. In a three-page request for leave, the Defendants present numerous arguments regarding why Mr. O'Neill's testimony should be excluded. But the Defendants have not identified anything in the Plaintiff's four-page response that merits a reply.

In their original brief, the Defendants devoted approximately one page to Mr. O'Neill's testimony. The Defendants argued: (1) Mr. O'Neill should not be able to testify about opinions omitted from his report; (2) Mr. O'Neill is not qualified to testify regarding whether the City of Stillwater should have provided training for positional/restraint asphyxia; and (3) the desirability of training for positional/restraint asphyxia would involve a lay opinion within the understanding of a lay person.

In their application for a reply, the Defendants argue: (1) Mr. O'Neill is not qualified to testify about the causes of medical problems or death; (2) Mr. O'Neill's testimony about whether the city should have trained for positional asphyxia is improper lay testimony in view of the fact that C.L.E.E.T. has not trained on this topic since 1999; (3) Mr. O'Neill's testimony about the desirability of training for positional asphyxia would not assist the jury and would lead to jury confusion; and (4) Mr. O'Neill's testimony would inject irrelevant issues into the case. The Defendants have not tied any of these purposes to an argument made by the Plaintiff.

Some of the arguments are new. For example, in their opening brief, the Defendants did not argue that Mr. O'Neill's testimony would inject new issues or create jury confusion. Similarly, in their opening brief, the Defendants did not even address the admissibility of testimony by Mr. O'Neill involving the causes of medical problems or death. Citing pages 109 and 113 of Mr. O'Neill's deposition, the Defendants represent that they want to reply to point out that C.L.E.E.T. has not trained for positional asphyxia since 1999. But in the Defendants' original brief, they had cited the same pages to argue that Mr. O'Neill lacked qualifications on the subject because his agency, C.L.E.E.T., does not train for positional/restraint asphyxia.

A reply brief is not simply an opportunity for a movant to rehash old arguments or to craft new ones. Instead, the purpose of a reply brief is to respond to the subject-matter of the adversary's response brief. *See* Wiener, *Ruminations from the Bench: Brief Writing and Oral Argument in the Fifth Circuit*, 70 Tul. L. Rev. 187, 195 (1995) ("The sole purpose of

the reply brief is to rebut matters addressed in the brief or briefs of your opponent(s)."). The Court ordinarily treats with liberality any party's request for leave to reply. But the Defendants' application demonstrates their intention to simply rehash their original arguments and to advance new arguments that could have been made in the opening brief. In these circumstances, the Court denies the Defendants' request for leave to file a reply in support of their motion to exclude Mr. O'Neill's testimony.

So ordered this 27th day of December, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge