IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GIANNETTI, as personal representative of the Estate of Mary Giannetti, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>THE CITY OF STILLWATER, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-04-926-BA<br>)<br>)<br>)<br>) |

## **ORDER**

The Defendants move to exclude expert opinions by Charly Miller and Vincent O'Neill. The Plaintiff represents that he will not call Charly Miller as an expert witness. Thus, the Defendants' motion, with respect to Charly Miller, is stricken on grounds of mootness. The Court overrules the motion with regard to Vincent O'Neill.

The motion reflects three objections to Mr. O'Neill's expert testimony. All are invalid.

The first objection involves expert testimony beyond the opinions expressed in Mr. O'Neill's expert report. The Defendants designated Mr. O'Neill as an expert witness. The Plaintiff did not do so. Fed. R. Civ. P. 37(c)(1) authorizes exclusion of evidence that is not disclosed by a party under Rule 26(a). But the Plaintiff was under no duty to disclose Mr. O'Neill's opinions because the expert witness had been retained by the Defendants. There was no failure to disclose opinions on the part of the Plaintiff.

The Defendants' second objection involves Mr. O'Neill's qualification to testify about whether the City of Stillwater should have provided training for positional/restraint asphyxia. This objection is not explained or supported with any argument or authority. Mr. O'Neill's report reflects over thirty years in law enforcement. Curriculum Vitae, *passim*. For approximately fifteen years, he has been an instructor for the State of Oklahoma Council on Law Enforcement Education and Training. *Id.* at p. 1. The curriculum vitae describes Mr. O'Neill's current assignment to include "sudden in-custody death syndrome." *Id.* He also participated as a speaker at a Washington symposium on sudden in-custody death syndrome, taught the subject at programs in Oklahoma City and Tulsa, and wrote training materials on the subject.[1] *Id.* at pp. 15, 17, 18. The combined experiences qualify Mr. O'Neill to provide expert testimony on law enforcement training for positional asphyxia. *See Watkins v. New Castle County*, 374 F. Supp. 2d 379, 392 (D. Del. 2005).[2]

The Defendants' third objection is that the average lay person would understand whether the city should have had training for positional/restraint asphyxia. This objection is unsupported and is invalid. The Defendants have listed the police chiefs of the Midwest City Police Department, the Ardmore Police Department, the Walters Police Department, the

---

[1] Plaintiff's counsel represents that these materials had been produced by the Defendants.

[2] In *Watkins v. New Castle County*, the plaintiffs sued under 42 U.S.C. § 1983, claiming in part that a town had failed to train police officers on the risk of death from positional asphyxia. *See Watkins v. New Castle County*, 374 F. Supp. 2d at 385. The defendants sought exclusion of testimony by the plaintiffs' expert, claiming that he was not qualified. *See id.* at 392. The court overruled the motion, reasoning that the witness' 22 years of experience and training as a policeman qualified for expert testimony on police training and the dangers of positional asphyxia. *Id.* at 391.

Chickasha Police Department, the Broken Arrow Police Department, the Oklahoma State University Police Department, the Duncan Police Department, the Enid Police Department, the Altus Police Department, the El Reno Police Department, the Comanche Nation Police Department, and the Weatherford Police Department to testify about their own training programs and the advice given by C.L.E.E.T. about training. Defendants' Final Witness List (Aug. 10, 2005). According to his curriculum vitae, Mr. O'Neill currently serves as a senior trainer for C.L.E.E.T. and coordinates the training programs on the use of force. The Defendants' designation of twelve police chiefs to testify about C.L.E.E.T.'s advice on training entitles the Plaintiff to present expert testimony about the views embraced by C.L.E.E.T.'s senior instructor and the Defendants' expert witness on the use of force: Vince O'Neill.

So ordered this 4th day of January, 2006.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge