IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD GIANNETTI, as personal representative of the Estate of Mary Giannetti, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. CIV-04-926-BA<br>) |
| THE CITY OF STILLWATER, *et al.*, | )<br>) |
| Defendants. | ) |

## **Order**

The Court granted the Plaintiff's motion to exclude Dr. Ho's proposed testimony and overruled the motion to exclude Vince O'Neill's opinions. The Defendants seek reconsideration of both rulings. These requests are denied.

Dr. Ho's Testimony

The Defendants assert five arguments for reconsideration of the order involving Dr. Ho's testimony. All of the arguments are invalid.

First, the Defendants address Dr. Ho's proposed testimony about the microscopic slides. According to the Defendants, the Court raised the issue *sua sponte*. That is not correct. The Defendants raised the issue, and the Court addressed it.

In the motion for reconsideration, the Defendants argue that Dr. Ho is qualified as a doctor to give opinions about microscopic slides of brain tissue. But this argument misses the point of the Court's prior discussion. The Court held that Dr. Ho lacked the

qualifications to offer an expert opinion about "Dr. Gofton's reliance on microscopic slides of brain tissue to determine the cause of death."  Order at p. 3 (Dec. 22, 2005).  In their motion for reconsideration, the Defendants contend that Dr. Ho has expertise with microscopic samples of brain tissue.  But in his affidavit, Dr. Ho is purporting to do more than offer an opinion about the samples.  He is purporting to offer an opinion about the mechanisms that led to anoxic encephalopathy.  Affidavit of Jeffrey Ho at p. 2 No. 3 (Jan. 13, 2006).  The Plaintiff argued in his opening brief that Dr. Ho was unqualified to express an opinion about the conditions that led to Ms. Giannetti's death.  Plaintiff's Daubert Motion and Supporting Brief to Disqualify Defendant's Expert Jeffrey Ho at pp. 1, 3-7 (Nov. 14, 2005).  The Court did not raise the issue on its own, and the prior determination was correct.

Second, the Defendants argue that the testimony is admissible because "this is a death case."  Defendants' Motion and Brief for Rehearing at p. 2 (Jan. 20, 2006).  The Defendants had failed to present this argument until the filing of their motion for reconsideration.  *See* Defendants' Response to Plaintiff's Daubert Motion and Supporting Brief to Disqualify Defendants' Expert Jeffrey Ho, *passim* (Dec. 5, 2005).

Third, the Defendants argue: "In its Order excluding Dr. Ho, the Court placed great emphasis on the fact that he does not determine the cause of death from the examination of tissues samples.  But neither did Dr. Sperry."  Defendants' Motion and Brief for Rehearing at p. 3 (Jan. 20, 2006).  The Defendants supply no citation, and the characterization is

inaccurate. The Court did not even mention the "fact" which was supposedly emphasized in the order. *See* Order, *passim* (Dec. 22, 2005).

Fourth, the Defendants contend that the Court's reasoning would dictate exclusion of testimony by Doctors Gofton and Sperry because, like Dr. Ho, they failed to express their opinion to a "medical degree of certainty." Defendants' Motion and Brief for Rehearing at p.4 (Jan. 20, 2006). This argument does not support admission of Dr. Ho's testimony. Instead, the argument appears to entail a new theory to exclude testimony by Doctors Gofton and Sperry through a motion for reconsideration on an entirely different topic.

Fifth, the Defendants complain about the lack of a *Daubert* hearing on Dr. Ho's proposed testimony. Defendants' Motion and Brief for Rehearing at p.4 (Jan. 20, 2006). But the Defendants had not requested a *Daubert* proceeding with respect to Dr. Ho's testimony, and they elsewhere acknowledged that the necessity of a "hearing is discretionary with the Court . . . ." Defendants' Motion and Brief to Exclude Expert Opinions of Dr. Gofton and Dr. Sperry on Daubert Principles at p. 17 (Nov. 22, 2005).

The Defendants' five arguments are invalid, and the Court declines to revisit its order excluding Dr. Ho's expert testimony.

<u>Vince O'Neill's Testimony</u>

In the motion for reconsideration, the Defendants assert multiple arguments. But none was included in the motion ruled upon by the Court. All were raised for the first time either

in the request for leave to file a reply or the motion for rehearing. The assertion of the arguments in these two pleadings was too late.

So ordered this 26th day of January, 2006.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge